NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LUCIA ANGELICA ALVARADO-CORNEJO; MILEIDI SABRINA COREAS-ALVARADO, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-4021 <br><br> Agency Nos. <br> A201-781-861 <br> A201-781-862 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2025[**]
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Lucia Angelica Alvarado-Cornejo and her daughter, Mileidi Sabrina Coreas-Alvarado—natives and citizens of El Salvador—petition for review of a decision of the Board of Immigration Appeals dismissing their appeal from an order of an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the Board incorporates findings of the immigration judge and adds its own reasoning, we review both decisions. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review the Board's factual findings for substantial evidence. *Hussain v. Rosen*, 985 F.3d 634, 641–42 (9th Cir. 2021). Under that standard, findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the agency's asylum and withholding of removal determinations. To show past persecution or a likelihood of future persecution, an alien must demonstrate that the harm to her was or would be "committed by the government, or by forces that the government was unable or unwilling to control." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)). Gang members tried to recruit two of Alvarado-Cornejo's children, and they threatened to kill Alvarado-Cornejo, Coreas-Alvarado, and other members of their family. Those threats were not made by the Salvadoran government, and it was reasonable for the agency to find that the Salvadoran

government is neither unable nor unwilling to control gang violence. As the immigration judge noted, the country conditions report submitted by petitioners shows that "the government does arrest, prosecute, and imprison gang members for crimes they commit."

2. Substantial evidence also supports the agency's CAT determination. To show eligibility for CAT protection, an alien must demonstrate that she "face[s] a particularized risk of torture that [is] markedly different than that faced by the general population in" the country to which she will be removed, *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 747 (9th Cir. 2022), and that her future harm will be "at the instigation of, or with the consent or acquiescence of, a public official," 8 C.F.R. § 1208.18(a)(1). Petitioners offer two theories of CAT eligibility: first, that Salvadoran police will "turn a blind eye to the actions of the gangs" against them, and second, that the police themselves will "commit serious acts of torture" against them "despite an official prohibition against such practices."

As to the first theory, it was reasonable for the agency to find that Salvadoran officials would not acquiesce in petitioners' harm for the same reason it was reasonable for the agency to find that the Salvadoran government is neither unable nor unwilling to control gang violence. *See Negusie v. Holder*, 555 U.S. 511, 536 n.6 (2009) (Stevens, J., concurring in part) (explaining that the CAT "covers a narrower class of harms, imposed by a narrower class of actors, than the

asylum and withholding of removal provisions" of the Immigration and Nationality Act). As to the second theory, petitioners point only to a 2019 State Department report describing "allegations of unlawful killings of suspected gang members and others by security forces" and "torture by security forces" in El Salvador. It was reasonable for the Board to conclude that that evidence did "not show . . . an individualized risk of being tortured with the acquiescence of a public official."

The temporary stay of removal will remain in place until the issuance of the mandate. The motion for a stay of removal (Dkt. No. 3) is otherwise denied.

**PETITION DENIED.**